

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111999 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 20SL-CR05984-01 |
| | ) | |
| EDWARD H. MOSELY, | ) | Honorable Brian H. May |
| | ) | |
| Appellant. | ) | Filed: November 26, 2024 |

### Introduction

Appellant Edward Mosely was found guilty after a jury trial of voluntary manslaughter and armed criminal action. In his sole point on appeal, Appellant argues that the trial court abused its discretion in sustaining the State's objections to portions of the defense's expert witness testimony. The trial court's judgment is affirmed.

### Factual and Procedural Background

Appellant was charged with first-degree murder and armed criminal action for the shooting death of Victim. The sufficiency of the evidence is not challenged on appeal. Viewed in the light most favorable to the verdict, the relevant evidence presented at trial is as follows. *State v. Stewart*, 560 S.W.3d 531, 532-33 (Mo. banc 2018).

Close to midnight on the evening of December 16, 2019, Victim appeared in a stranger's yard yelling for help. By the time the resident of the home made it outside, Victim was lying face

down in the grass. Victim was alive when police officers arrived, but died a short time later from multiple gunshot wounds to his person. Victim had been shot three times: one shot to his abdomen, another shot to his back, and another shot to his hip. Forensic analysis determined that the gunshot wound to his hip was fatal as it severed his femoral artery.

Nearly a year following Victim's death, Appellant was interviewed by the police regarding the killing. After waiving his Miranda rights, Appellant told the police that he discovered Victim having sex with his girlfriend in an apartment on the evening of Victim's death. Appellant stated that he walked out of the building to calm down and to clear his head, but that he subsequently confronted Victim. Appellant admitted to shooting Victim multiple times even after Victim turned and ran away.

At trial, video of Appellant's police interrogation was admitted into evidence and played for the jury. Appellant presented expert witness testimony related to false or coerced confessions. Expert, a forensic psychologist, testified generally about various tactics that are used during police interrogations that may elicit a false or coerced confession, meaning that the witness believed that they have no other options but to admit to the crime, regardless of whether or not they actually committed the crime. The State objected to two different questions relating to Expert's opinion on whether Appellant's interrogation was coerced, which the court sustained.

A jury found Appellant guilty of the lesser-included offense of voluntary manslaughter and armed criminal action. The trial court sentenced Appellant to concurrent terms of 25 years and three years, respectively. This appeal follows.

**Standard of Review**

2

This court reviews the admission of evidence at trial for abuse of discretion. *State v. Davis*, 318 S.W.3d 618, 630 (Mo. banc 2010), *as modified on denial of reh'g* (Aug. 31, 2010). "The trial court has broad discretion to exclude or admit evidence at trial." *State v. Schachtner*, 611 S.W.3d 885, 890 (Mo. App. S.D. 2020) (quoting *State v. Shockley*, 410 S.W.3d 179, 195 (Mo. banc 2013)). "A trial court will be found to have abused its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Elliott v. State*, 215 S.W.3d 88, 92 (Mo. banc 2007). This standard of review includes an inquiry into prejudice, and "the trial court's decision will be reversed only if the error was so prejudicial that it deprived the defendant of a fair trial." *Id.* at 93.

## Discussion

In his sole point on appeal, Appellant argues that the trial court abused its discretion in sustaining the State's objection to defense counsel's questions to Expert regarding whether Appellant's confession was coerced or included coercive tactics. Expert, a forensic psychologist, testified about coercive tactics employed during interrogations that can produce or invoke false confessions. However, when defense counsel asked "what type of false confession did you see in this case?," the State objected on the grounds that such testimony was outside the scope of the testimony and would invade the province of the jury. The court ultimately sustained the objection and instructed the jury to disregard the question. Defense counsel then asked Expert "was the interrogation coercive?," and the State once again objected on similar grounds, and the court sustained the objection. Expert was allowed to testify about coerced or false confessions in a general sense, but Expert's conclusory opinion regarding whether the interrogation of Appellant was coercive or not was excluded. Thus, the narrow question on appeal here is

whether the trial court abused its discretion in prohibiting Expert's specific conclusory opinion testimony regarding Appellant's interrogation.

Section 490.065, which governs the admissibility of expert testimony, was amended in 2017 and provides, in pertinent part, that:

> (1) A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.
> (2) An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect;
> (3)(a) An opinion is not objectionable just because it embraces an ultimate issue.
> (b) In a criminal case, an expert witness shall not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone;
> (4) Unless the court orders otherwise, an expert may state an opinion and give the reasons for it without first testifying to the underlying facts or data. But the expert may be required to disclose those facts or data on cross-examination.

Section 490.065.2.[1]

The Missouri Supreme Court addressed the parameters of the newly amended statute in *State v. Carpenter,* 605 S.W.3d 355 (Mo. banc 2020). In *Carpenter*, the Court found that the trial court abused its discretion in excluding the defense's expert witness who would have testified regarding general information about factors that can affect the reliability of an eyewitness's identification. The Court determined that the threshold test for admission of expert testimony

---

[1] All Section references are to the Missouri Revised Statutes (2019).

under the amendment to Section 490.065 is merely whether the expert's testimony, which may or may not include opinions, "will 'help' the jury understand the evidence or decide the contested issues." *Id.* at 360. While the State argued that the exclusion of the expert's testimony was proper because the testimony related to the credibility of witness testimony, which is a determination solely within the province of the jury, the Court determined that expert testimony relating to the reliability of eyewitness identifications met the requirements of Section 490.065.2, as such testimony related to the accuracy, not the credibility, of eyewitness identification. *Id.* at 360-61. However, in so doing, the Court also acknowledged that the actual testimony at issue, which was excluded in whole, would have been general in nature regarding the factors affecting reliability and would not have gone so far as to *apply* the discussed factors or reach any conclusion or opinion as to the accuracy of the identification at issue, because such testimony would have been improper as "*[t]his* is the sole province of the jury." *Id*. at 363 (emphasis in original) (citing *State v. Guilbert*, 306 Conn. 218, 246, 49 A.3d 705, 729 (2012) (expert testimony about factors affecting reliability of eyewitness identification generally is admissible, but an "expert should not be permitted to give an opinion about the credibility or accuracy of the eyewitness testimony itself; that determination is solely within the province of the jury"); *People v. McDonald*, 37 Cal.3d 351, 208 Cal.Rptr. 236, 690 P.2d 709, 722 (1984) (expert testimony about the reliability of eyewitness identifications "does not seek to take over the jury's task of judging credibility ... [because] it does not tell the jury that any particular witness is or is not truthful or accurate in his identification"), *overruled on other grounds by People v. Mendoza*, 23 Cal.4th 896, 98 Cal.Rptr.2d 431, 4 P.3d 265 (2000)).

While the 2017 amendment to 490.065.2 and the Missouri Supreme Court's subsequent interpretation in *Carpenter* make clear that the admission of expert testimony, which may or may

not include opinions, must be allowed when the testimony will help the jury understand the evidence or decide the contested issues, such testimony may still be limited when it invades the exclusive province of the jury. As discussed in *Carpenter*, while experts may be allowed to generally testify as to the factors that may *assist* the jury in determining the reliability of a witness, such testimony may not include opinions or conclusions that go so far as to *assess* the reliability of the specific witness, as such testimony invades the province of the jury to determine the particularized accuracy or credibility of any witness. *Carpenter*, 605 S.W.3d at 363–64.

Here, defense counsel's questions sought to elicit Expert's opinions and conclusions that assessed the particular accuracy of Appellant's confession or Appellant's general credibility, in that it would have allowed Expert to speculate about whether Appellant's statements made during his interrogation were truthful or were instead falsehoods obtained through coercive interrogation tactics. This opinion testimony would have been improper under the reasoning of *Carpenter*, which prohibits opinions and conclusions regarding the reliability, accuracy, or credibility of a specific witnesses' statements. While Expert was permitted to testify as to general factors of coercive interrogations that may have aided the jury in its determination of whether Appellant's confession was false or coerced, it was ultimately the jury's duty to determine whether the confession was truthful or coerced. On this record, we find that the trial court did not abuse its discretion in sustaining the State's objections to the defense's specific questions to Expert regarding Appellant's accuracy or his credibility during his interrogation. Point denied.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

6

_____

Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.